United States District Court
Southern District of Texas
**ENTERED**
April 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JASON TRIMAIL BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 6:23-CV-00017 |
| § | |
| DEWITT COUNTY JAIL, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND RECOMMENDATION TO**
**DISMISS FOR FAILURE TO PROSECUTE**

Plaintiff Jason Trimail Brown is a former inmate of the DeWitt County Jail in Cuero, Texas. On January 30, 2023, this Court received a letter from Plaintiff stating that he is allergic to tomatoes and while a pretrial detainee he was served a meal that contained tomatoes. (D.E. 1). Plaintiff's letter was liberally construed as a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Brown is appearing *in forma pauperis* and *pro se.*

The undersigned directed a *Spears*[1] hearing be set to allow Plaintiff an opportunity to more fully describe his claims. In connection with setting the *Spears* hearing, a DeWitt County official advised the Court Plaintiff has been released on bond and is, therefore, no longer confined at the DeWitt County Jail. In the undersigned's March 3, 2023 Order granting his application to proceed *in forma pauperis*, Plaintiff was cautioned he "must

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

notify the Court of any change of address by filing a written notice of change of address with the Clerk.  Failure to file such notice may result in this case being dismissed for want of prosecution."  (D.E. 14). Plaintiff has not filed a notice of a change of address or any other documents since the Court received his inmate account statement on March 1, 2023. Even if Plaintiff had been released prior to receiving the above referenced order, as the Plaintiff, he has an obligation to manage his case, be familiar with the Court's docket, and comply with Court orders.

On March 13, 2023, the undersigned entered a show cause order directing Plaintiff to show cause on or before March 30, 2023, why this action should not be dismissed for want of prosecution.  Plaintiff did not file any response to the show cause order.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely to whether the Court's discretion was abused. *Green v. Forney Eng'g Cty.,* 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978).  A dismissal with prejudice is appropriate only if the failure to comply with the court order

was the result of purposeful delay and the imposition of lesser sanctions would be futile. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

Plaintiff is no longer in the custody of the DeWitt County Jail. Any claim for injunctive relief is now moot. Further, Plaintiff did not allege he suffered an injury or was in serious risk of being harmed. While dismissal with prejudice on screening may be appropriate, the Court does not have complete information about Plaintiff's claims due to Plaintiff's failure to participate in this litigation. Considerations of judicial economy warrant dismissal of this action without prejudice to avoid further expenditure of the Court's time and resources.

Therefore, it is respectfully recommended that Plaintiff's case be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because of Plaintiff's failure to prosecute and Plaintiff's failure to attend court settings.

Respectfully submitted on April 12, 2023.

*[signature]*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).